IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | CRIMINAL NO. 3:07-329 (CMC) |
| v. | **OPINION and ORDER** |
| Terah Shelton, | |
| Defendant. | |

This matter is before the court on Defendant's motion to have "a lawyer [ ] look into my case and file the necessary paperwork so I can receive relief from this new Supreme Court ruling of" *Alleyne v. United States*, 570 U.S. __, 133 S. Ct. 2151 (2013). ECF No. 122.

Defendant's motion is a second or successive motion for relief under § 2255. Regardless of the recency of the *Alleyne* decision, Defendant's failure to seek permission to file a second or successive motion in the appropriate court of appeals prior to the filing of the motion in the district court is fatal to the outcome of any action on the motion in this court. Prior to filing a second or successive motion under § 2255, Defendant must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This he has not done.

Defendant's motion is dismissed without prejudice as this court is without jurisdiction to consider it.[1]

---

[1] There is no right to appointed counsel in habeas cases. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Hunt v. Nuth*, 57 F.3d 1327, 1340 (4th Cir. 1995). Attorneys may be appointed for

1

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 16, 2013

---

a person "seeking relief under section 2241, 2254, or 2255 of title 28" when "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Justice does not so require; Defendant's motion for appointment of counsel is denied.